UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THUY ANH TRAN TRUONG,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-200** |
| **HUNG THANH XUAN DINH, ET AL.,**<br>    Defendants | **SECTION: "E" (3)** |

## ORDER AND REASONS

Before the Court is Plaintiff's renewed Motion to Appoint a Curator pursuant to Louisiana Code of Civil Procedure Article 5091(A)(1)(a)[1] and Federal Rule of Civil Procedure 4(e)(1).[2] Plaintiff requests that the Court appoint a curator to represent the interest of absentee defendant Hung Thanh Xuan Dinh ("Dinh").[3] For the reasons that follow, Plaintiff's motion will be **DENIED**.[4]

## BACKGROUND

On January 27, 2023, Plaintiff filed suit against Dinh, her ex-husband, the United States of America, and Pioneer Credit Recovery, Inc., alleging that Dinh executed a loan agreement on July 26, 2006, with the United States.[5] Plaintiff alleges Dinh falsified Plaintiff's signature in executing the loan.[6] Plaintiff alleges that Dinh failed to repay the loan.[7] Plaintiff alleges that the United States "placed the debt" with Pioneer, who sought to collect the debt from Plaintiff.[8]

---

[1] LA. CODE. CIV. PROC. ART. 5091(A)(1)(a).
[2] FED. R. CIV. P. 4(e); R. Doc. 26.
[3] *Id.*
[4] *Id.*
[5] R. Doc. 1-1, p. 1.
[6] *Id.*
[7] *Id.* at p. 2.
[8] *Id.*

1

This action was removed to federal court on January 29, 2025.[9] On March 5, 2025, the Court entered a text order, requesting that Plaintiff provide the Court with an update as to service or attempted service upon defendants who had not made an appearance or had been served.[10] Defendants Pioneer Credit Recovery, Inc., and the United States of America filed responsive pleadings in the action.[11]

On March 28, 2025, Plaintiff filed a motion for extension of time to serve Dinh.[12] In the motion, Plaintiff stated she has "been unable to serve" Dinh.[13] The Court granted the motion and extended the time for Plaintiff to effect service upon Dinh to April 28, 2025.[14] On April 16, 2025, Plaintiff filed her first motion to appoint a curator under La. Civ. Pro. Art. 5091(A)(1)(a).[15] Plaintiff represented that counsel had been unable to perfect long-arm service upon Dinh.[16]

The Court denied Plaintiff's motion, reasoning:

> At this time, the Court lacks sufficient information to determine whether Plaintiff has made diligent efforts to locate and serve Dinh as provided by the Federal Rules of Civil Procedure and the Louisiana long-arm statute. The Court further lacks information to determine whether Dinh qualifies as an "absentee" pursuant to Louisiana Code of Civil Procedure Article 5251. Regardless of whether Louisiana Code of Civil Procedure Article 5091 is applicable in federal court, courts have declined to determine whether a plaintiff may appoint a curator pursuant to Article 5091 when the plaintiff has failed to demonstrate a "diligent effort" to locate and serve the defendant, either by hiring a process server, a private investigator, or by other means.[17]

---

[9] R. Doc. 1.
[10] R. Doc. 9.
[11] R. Doc. 14; R. Doc. 18. The Court has since granted Pioneer's motion to dismiss for failure to state a claim. R. Doc. 23.
[12] R. Doc. 15.
[13] *Id.*
[14] R. Doc. 16.
[15] R. Doc. 20.
[16] R. Doc. 21, p. 1.
[17] *Id.* at p. 3.

The Court further extended Plaintiff's time to serve Dinh for an additional 30 days, until May 28, 2025.[18]

On May 9, 2025, Plaintiff filed her second motion to appoint a curator to represent Dinh.[19] Plaintiff urges that 1) Article 5091 is applicable in federal court through application of Louisiana's long-arm statute, 2) Dinh is an "absentee" under Louisiana law; and 3) Plaintiff has made "diligent efforts" to locate and serve Dinh through attempting long-arm service via certified mail and hiring a private investigator.[20]

## **LAW AND ANALYSIS**

"Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law."[21] When considering whether to apply state law to a question that might otherwise be governed by a provision of the Federal Rules of Civil Procedure, the first step of the *Erie* analysis "is to determine whether . . . the scope of the [Federal] Rule is sufficiently broad to cause a direct collision with the state law."[22] Only when "no Federal Rule [ ] cover[s] the point in dispute [does] *Erie* command[ ] the enforcement of state law."[23] "[T]he test of whether a conflict between the Federal Rules and a state statute exists is not whether it is logically possible for a court to comply with the requirements of both, but whether the Federal Rules in question are sufficiently broad to control the issue before the court."[24]

Rule 4 of the Federal Rules of Civil Procedure governs service of process in a federal civil action.[25] Under the federal rules, an individual may be served by personal service,

---

[18] *Id.* at p. 4.
[19] R. Doc. 26.
[20] *Id.* at pp. 1-3.
[21] *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996) (citing *Erie R. Co. v. Thompkins*, 304 U.S. 64, 78 (1938)).
[22] *All Plaintiffs v. All Defendants*, 645 F.3d 329, 333 (5th Cir. 2011).
[23] *Hanna v. Plumer*, 380 U.S. 460, 470 (1965).
[24] *Klocke v. Watson*, 936 F.3d 240, 247 (5th Cir. 2019).
[25] FED. R. CIV. P. 4.

domiciliary service, or by serving an agent "authorized by appointment or by law to receive service of process."[26] Alternatively, an individual may be served "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."[27]

Louisiana's long arm statute provides for service on a defendant located outside of Louisiana who has caused an injury through an act or omission in the state of Louisiana: "a certified copy of the citation . . . shall be sent . . . to the defendant by registered or certified mail or actually delivered to the defendant by commercial courier."[28] The long-arm statute further references Louisiana Code of Civil Procedure Article 5091: "[i]f service of process cannot be made on the nonresident by registered or certified mail or by actual delivery, the court shall order that service of process be made on an attorney at law appointed to represent the defendant pursuant to Code of Civil Procedure Article 5091."[29]

Under Louisiana Code of Civil Procedure article 5251, an "absentee" is defined as:

> a person who is either a nonresident of this state, or a person who is domiciled in but has departed from this state, and who has not appointed an agent for the service of process in this state in the manner directed by law; or a person whose whereabouts are unknown, or who cannot be found and served after a diligent effort, though he may be domiciled or actually present in the state; or a person who may be dead, though the fact of his death is not known, and if dead his heirs are unknown.[30]

### I. Plaintiff has not adequately demonstrated Dinh qualifies as an absentee Defendant.

In her renewed motion, Plaintiff represents that, on March 18, 2025, "Plaintiff mailed citation and petition via certified mail to Dinh's last known address" in Houston, Texas.[31] Plaintiff attaches records of this certified mail receipt and tracking information

---

[26] FED. R. CIV. P. 4(e)(2).
[27] FED. R. CIV. P. 4(e)(1).
[28] LA. REV. STAT. § 13:3204(A).
[29] Id. § 13:3204(B); LA. CODE CIV. PROC. ART. 5091.
[30] LA. CODE. CIV. PROC. ART. 5251.
[31] R. Doc. 26, p. 2.

4

for the mail "being returned to sender" as "Exhibit A."[32] Plaintiff further argues that she retained private investigators to locate Dinh, and their efforts have been unsuccessful.[33] Plaintiff attaches two letters from separate private investigators in support. The first letter from investigator Edmund A. Prevost is dated October 3, 2017, and it supplies current and previous addresses for Dinh in Houston, Texas.[34] The second letter from investigator Nicole Bishop is undated,[35] and it states that "[w]e are still in the process of attempting to locate Mr. Dinh. Due to many of his possible addresses being out of state, we cannot confirm his presence at these addresses."[36] Plaintiff also attaches an "Affidavit of Due Diligence," which attests that counsel has "undertaken diligent efforts to serve" Dinh per the one certified mail service attempt and the "Skip Tracing / Investigative Efforts."[37]

The Court finds that, despite the evidence attached in the renewed motion, there is insufficient information to determine whether Plaintiff has made diligent efforts to locate and serve Dinh as provided by the Federal Rules of Civil Procedure and the Louisiana long-arm statute. The Court further lacks adequate information to determine whether Dinh qualifies as an "absentee" pursuant to Louisiana Code of Civil Procedure Article 5251. While Plaintiff has provided evidence of *one* unsuccessful attempt at long-arm service, this is insufficient to constitute a diligent effort. [38] Additionally, the letters from private investigators are unspecific and outdated, as, at best, they provide information obtained in 2017, approximately eight years ago. The Court is unconvinced

---

[32] *Id.* at pp. 2, 5-7.
[33] *Id.* at p. 3.
[34] *Id.* at pp. 10-11.
[35] The date line states "Insert Today's Date." *Id.* at p. 12.
[36] *Id.*
[37] *Id.* at pp. 14-15.
[38] *See, e.g., Tifco, Inc. v. American Ins. Agency of the South, Inc.*, 1989 WL 8838 (E.D. La. Feb. 1, 1989) (finding affidavit from process server, detailing five separate attempts at serving defendant both personally and at their domicile, to constitute a diligent effort); *cf. Becnel v. Charlet*, 446 So. 2d 466, 467 (La. Ct. App. 4th Cir. 1984) (finding that evidence of sheriff's unsuccessful service attempts marked "address unknown" insufficient to demonstrate a diligent effort).

that this evidence constitutes a "diligent effort"[39] to locate and serve Dinh, especially since the Court extended Plaintiff's service deadline to May 28, 2025.

## II. The Court will not apply Louisiana Civil Procedure Article 5091 in federal court.

Alternatively, this Court finds that Article 5091 is a Louisiana procedural mechanism that falls outside the scope of "state law for serving a summons" under Federal Rule 4(e)(1). The Court agrees with the numerous federal district courts throughout Louisiana who have found Article 5091 generally inapplicable[40] in federal court.[41] These courts have reasoned that, while the Louisiana long-arm statute references Article 5091, it "does not provide the court with authority to make such an appointment; it merely authorizes the court to order service of process on an attorney already appointed pursuant to Article 5091."[42] In other words, "Rule 4(e)(1) merely authorizes the court to apply state law for serving a summons, but La. Code Civ. P. art. 5091 goes beyond that function."[43]

---

[39] *See Lantz v. State Farm Mut. Auto. Ins. Co.*, No. 16-318, R. Doc. 51 (M.D. La. Nov. 7, 2016) (court was not authorized to appoint attorney at law where there was no indication that the plaintiff hired a private investigator and identified the efforts made by such an investigator to locate the unserved defendant); *Smith v. Averette*, No. 15-2396, 2016 WL 434368, at *3 (W.D. La. July 18, 2016), *report and recommendation adopted*, 2016 WL 4384785 (W.D. La. Aug. 16, 2016) (finding evidence of one service attempt over ten months ago insufficient to demonstrate a "diligent effort"); *Meyer v. Bayles*, No. 12-0043, 2012 WL 1667586, at *1 n.4 (W.D. La. May 11, 2012) (same).

[40] The Court notes one case arriving at the opposite conclusion. *James v. Progressive Specialty Ins. Co.*, No. 19-CV-02288, 2019 WL 13222973 (E.D. La. Nov. 22, 2019), *report and recommendation rejected*, No. CV 19-2288, 2019 WL 6728343 (E.D. La. Dec. 11, 2019). The Court disagrees with the conclusion reached in this decision. Furthermore, this case is distinguishable because, in that case, there was "unique" evidence the Defendant was aware of the lawsuit, accepted payment for damages at the address, but was evading service. *Id.* at *4. These circumstances are not present in this matter.

[41] *Ware v. Daybrook Fisheries, Inc.*, No. CV 14-2229, 2015 WL 7296654, at *2 (E.D. La. Nov. 18, 2015) (collecting cases) (noting application of Article 5091 "occasionally," but "only in aid of execution of judgments as expressly authorized in Fed. R. Civ. P. 69(a)(1), which specifically imports the applicable procedural law of the state where the district court sits . . . or in an interpleader action.") (internal citations omitted).

[42] *Lantz v. State Farm Mut. Auto. Ins. Co.*, No. CV 16-318-JJB-RLB, 2017 WL 662989, at *3 (M.D. La. Feb. 17, 2017) ("While service of process on an attorney at law duly appointed pursuant to Article 5091 prior to removal may be an appropriate method for serving an absentee defendant in an action removed to federal court, the actual appointment of such an attorney goes beyond Rule 4(e)(1).").

[43] *Hebert v. Spears*, No. CV 18-5053, 2018 WL 4386105, at *2 (E.D. La. Sept. 14, 2018) (discussing *Lantz*, 2017 WL 662989).

Federal district courts in Texas have rejected application of the Texas equivalent to Article 5091 on similar bases.[44]

Accordingly;

## CONCLUSION

**IT IS ORDERED** that the Motion is **DENIED**.[45]

**New Orleans, Louisiana, this 12th day of May, 2025.**

                                            _____
                                              **SUSIE MORGAN**
                                      **UNITED STATES DISTRICT JUDGE**

---

[44] *Bank v. Hill*, No. EP-23-CV-98-KC, 2023 WL 5007409 (W.D. Tex. Aug. 6, 2023); *Ocwen Loan Servicing LLC v. Lane*, No. 15-244, 2015 WL 7301182, at *1 (W.D. Tex. Nov. 18, 2015) ("While service may be effected according to state law, providing procedural protection for a litigant properly served who did not appear goes beyond effectuating service, and it is not at all clear to the Court that Federal Rule 4(e)(1) authorizes the appointment . . . .").

[45] R. Doc. 26.